**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie LaReece Pittman, | No. CV-22-00254-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Grand Canyon University, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 7). Pro se Plaintiff filed a Response (Doc. 12), and Defendants filed a Reply (Doc. 14). Plaintiff has also filed a Motion to Remand to State Court (Doc. 13) and a separate Motion for Recusal and Remand to State Court (Doc. 19).

The Motion to Dismiss is fully briefed, and for the following reasons the Court will grant the Motion and dismiss Plaintiff's Complaint with prejudice. No response is necessary for Plaintiff's other motions as they will be denied.

**I.   Background**

Plaintiff's Complaint, which was original filed in Maricopa County Superior Court, brought several claims against Defendants, including under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Doc. 1-3 at 4). Because of these federal claims, Defendants removed the matter under this Court's federal question jurisdiction. (Doc. 1) (citing 28 U.S.C. § 1331). As alleged in the Complaint, Plaintiff was employed in a teaching capacity at Defendant Grand Canyon University ("GCU"), but a dispute arose in

2021 as to whether his teaching was ineffective. (*Id.* at 6). The disagreement resulted in his being "blackballed." (*Id.* at 8).

Plaintiff made these same general allegations against the same Defendants in a previous action filed in this Court, and that action was dismissed with prejudice. *Pittman v. Grand Canyon Univ.*, 2022 WL 36468, at *1 (D. Ariz. Jan. 4, 2022) (dismissing an amended complaint without leave to amended because it only stated a "rambling narrative" that failed to show what causes of action were being raised and against whom)[1] (the "Prior Action"); *see also* (Doc. 7-1 at 6–11) (Plaintiff's complaint in the Prior Action). Defendants seek to dismiss the present action under Federal Rule of Civil Procedure 12(b)(6) under a claim preclusion theory. (Doc. 7 at 3).

On May 16, 2022, the Court held a Rule 16 Scheduling Conference at which the Court, noting that the Motion to Dismiss seemed likely to succeed, imposed a stay on this matter pending a decision on the Motion. (Doc. 18). The Court also granted Plaintiff leave to file a motion for leave to file a sur-reply, which Plaintiff has not filed. (*Id.*)

## II. Motion for Recusal

The Court begins with Plaintiff's Motion for Recusal. Under 28 U.S.C. § 155, a judge shall disqualify herself "in any proceeding in which [her] impartiality might be reasonably questioned." "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues for recusal because the Court (1) imposed a stay on proceedings pending a decision on Defendants' Motion to Dismiss (2) told Plaintiff that he did not have an attorney and would "be treated the exact same as regular attorneys" and that his filings had failed to abide by the local rules, and (3) told Plaintiff that the "Motion to Dismiss appears strong." (Doc. 19 at 1).

All of Plaintiff's proffered reasons for recusal stem from a judicial proceeding.

---

[1] The Court takes notice of this case and its record. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding courts may take notice of other court proceedings if they "have a direct relation to the matters at issue") (citation omitted).

Because allegations of prejudice *must* be extrajudicial, the Court denies Plaintiff's Motion for Recusal.  *See Studley*, 783 F.2d at 939.

### III. Motion to Remand

The Court turns to Plaintiff's motions requested remand. (Docs. 13; 19). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c).  The Court has already found that because the Complaint contains federal causes of action, this Court has subject matter jurisdiction over this matter.  28 U.S.C. § 1331. Therefore, the basis for Plaintiff's Motion cannot be subject matter jurisdiction.  As the Notice of Removal was filed on February 16, 2022, (Doc. 1), and because the requests to remand came on April 1, 2022, at the earliest, (Doc. 13), Plaintiff is time-barred by statute from challenging removal "on the basis of any defect other than lack of subject matter jurisdiction . . . ."  § 1447(c).

Because the Court has subject matter jurisdiction over this matter and because Plaintiff's requests for remand are untimely, the requests to remand this action are denied.

### IV. Motion to Dismiss

The Court now proceeds to Defendants' Motion to Dismiss.  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).  Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S.

265, 286 (1986)).

Defendants argue the Complaint is barred under the doctrine of claim preclusion. (Doc. 7 at 3). "Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009). "Claim preclusion applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Id.* (cleaned up).

### a. Identity of Claims

To determine whether there is an identity of claims, courts in the Ninth Circuit examine four factors:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). All four of these factors support a finding that these cases involve the same claims.

First, the Complaint in this case and in the Prior Action both bring claims rooted in the same transactional nucleus of facts: Plaintiff's work at GCU and how he was allegedly "blackballed." As Plaintiff concedes in his Response, the Prior Action was dismissed "for the same incidents" as here. (Doc. 12 at 1). Second, if the Court were to proceed with this action, it would destroy Defendants' interest in the dismissal of the Prior Action. Third, these actions both allege infringement of the same rights. (*See e.g.*, Doc. 7-1 at 10 (stating that the Prior Action's claims "are governed" by Title VII and 42 U.S.C. § 1981)). Finally, because these two cases arise from the same nucleus of facts, the evidence presented here would be identical to that presented at the other. Therefore, the Court finds that there is an identify of the claims between this action and the Prior Action.

### b. Final Judgment on the Merits & Identity of the Parties

The Court finds that the previous case was decided on the merits and that the same parties were involved. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002)

(stating that if a court dismisses a complaint for failing to state a ground for relief, that decision counts as a final judgment on the merits for claim preclusion purposes). This satisfies the claim preclusion's test final two elements.

In sum, The Court will dismiss Plaintiff's Complaint because it is barred by claim preclusion.[2]

## V.     Leave to Amend

In his Response, Plaintiff seeks leave to amend his Complaint. He represents that he "mistakenly used" federal law when crafting his Complaint instead of using state law. (Doc. 12 at 5). Because Plaintiff seeks to amend the Complaint more than twenty-one days after he received Defendants' Motion to Dismiss, the Court will grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(3). The Court denies Plaintiff leave to amend.

The Court doubts that the causes of action included in the Complaint are there by mistake. The stated purpose of Plaintiff's request to amend is so that he may remove all federal causes of action from his Complaint and remand this action to state court. (Doc. 12 at 5). This effort to escape the Court's jurisdiction and claim preclusion would unduly prejudice Defendants by forcing them to relitigate precluded claims in state court.[3] Therefore, the Court denies leave to amend. *See Cal. Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

/ / /

---

[2] During the Rule 16 Scheduling Conference, Plaintiff noted that he had requested temporary restraining order in his state court filings. (*See* Doc. 1-3 at 11). Plaintiff had not filed or served any notice of a pending motion for temporary restraining order, and therefore, the Court need not have considered it. LRCiv 3.6(d) ("If a motion is pending and undecided in the state court at the time of removal, the Court need not consider the motion unless and until a party files and serves a notice of pending motion."). Even so, to obtain a temporary restraining order, a party must show a likelihood that it will succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). For the reasons stated in this section, Plaintiff's Complaint is barred and therefore its claims are unlikely to succeed.

[3] The Court notes that Arizona courts apply federal law to determine the claim preclusive effect of a federal court's judgment. *In re Gen. Adjudication of All Rts. to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69, 127 P.3d 882, 887 (2006).

**VI.     Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal and Remand (Doc. 19), and his Motion for Remand (Doc. 13) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**. Plaintiff's Complaint shall be dismissed with prejudice, and the Clerk of Court shall terminate this matter.

**IT IS FINALLY ORDERED** that Plaintiff's Motion Asking Court to Accept Service (Doc. 17) is **DENIED** as moot.

Dated this 1st day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge