**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie LaReece Pittman, | No. CV-22-00254-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Grand Canyon University, et al., | |
| Defendants. | |

Pending before the Court is Defendants Grand Canyon University and Bina J. Vanmali's (collectively "Defendants") Motion for Attorneys' Fees (Doc. 22). Defendants filed this motion after the Court dismissed Plaintiff's Complaint with prejudice and terminated this matter. (Doc. 20). The Motion is unopposed, and the time to file a response has passed. *See* LRCiv 7.2(c). For the following reasons, the Court grants Defendants' Motion.

**I.    Background**

Plaintiff's Complaint (Doc. 1-3 at 2–8), which was originally filed in Maricopa County Superior Court, brought several claims against Defendants under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (*Id*. at 4). Plaintiff made these same general allegations against the same Defendants in a previous action filed in this Court, and that action was dismissed with prejudice. *Pittman v. Grand Canyon Univ.*, 2022 WL 36468 (D. Ariz. Jan. 4, 2022) (dismissing Plaintiff's Amended Complaint upon screening) (the "Prior Action"); *see also* (Doc. 7-1 at 6–11) (Plaintiff's complaint in the Prior Action). In

examining the Complaint and Prior Action, the Court ultimately dismissed Plaintiff's Complaint with prejudice because it was barred by claim preclusion (Doc. 20 at 5).[1] The Court also denied Plaintiff leave to amend. (*Id.*) Defendants now seek an award of attorneys' fees in the amount of $11,410.00 (Doc. 22-1 at 1). Pierce Coleman, PLLC ("Pierce Coleman" or "Pierce Coleman Firm") represent Defendants.

## II.     Legal Standard

A party seeking an award of attorney's fees must show it is eligible for and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3).

Defendants seek an award under 42 U.S.C. § 1988. As this request is for a statutory award, the Court will use the lodestar method to assess Defendants' proposal. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Under the lodestar method, courts determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley*, 461 U.S. at 433).

/ / /

---

[1] Plaintiff appealed the Court's claim preclusion finding to the Ninth Circuit. (Doc. 23).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   Discussion

The Court will first determine whether Defendants are eligible for and entitled to an award of attorneys' fees. The Court will then assess the reasonableness of Defendants' request for attorneys' fees.

### A.      Eligibility and Entitlement

Defendants are eligible for an award under 42 U.S.C. § 1988, which states:

> In any action or proceeding to enforce a provision of [42 U.S.C. §] 1981, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). Defendants argue they are entitled to an award of attorneys' fees because Plaintiff's claims were frivolous and his conduct "unnecessarily protracted this litigation." (Doc. 22 at 3).

Under 42 U.S.C. § 1988, prevailing defendants are awarded attorneys' fees "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir. 1983) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 98 S. Ct. 694 (1978)); *see also Fox v. Vice*, 563 U.S. 826, 833 (2011). "A defendant need not show that every claim in a complaint is frivolous to qualify for fees. *Id.* at 835 ("[A] court may reimburse a defendant for costs under § 1988 even if a plaintiff's suit is not wholly frivolous."). However, "[i]n a suit . . . involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." *Fox*, 563 U.S. at 840–41.

As mentioned, Plaintiff brought the same allegations here as he did in the Prior Action, which this district characterized as a "rambling narrative that provides 'no way to determine what causes of action are being raised, against which defendants, for what conduct.'" *Pittman*, 2022 WL 36468, at *1 (internal citations omitted). These allegations

1    were dismissed with prejudice on two occasions. *Id*.; (Doc. 20). Thus, the Court agrees

2    with Defendants that Plaintiff's claims are legally frivolous. The Court also views the

3    action as vexatious. This is because Plaintiff's request to amend his Complaint was an

4    "effort to escape the Court's jurisdiction and claim preclusion" that, if permitted, "would

5    [have] unduly prejudice[d] Defendants by forcing them to relitigate precluded claims in

6    state court." (Doc. 20 at 5) (denying Plaintiff's request to amend on grounds of undue

7    delay, bad faith, prejudice, and futility).

8          In sum, Defendants are eligible for and entitled to an award of attorneys' fees under

9    42 U.S.C. § 1988 because Plaintiff's action is frivolous and vexatious. *Mayer*, 707 F.2d

10   at 1021.

11         **B.      Reasonableness of Award**

12         The Court must proceed to determine whether Defendants' request for attorneys'

13   fees is reasonable by assessing the twelve *Kerr* factors.

14         **1.      Time and Labor Required**

15         The Task-Based Itemized Statement of Fees ("Itemized Statement") provided by

16   Defendants reflects that the Pierce Coleman Firm spent 56.30 hours of time on this matter,

17   totaling to $11,410 in fees. (Doc. 22-2 at 7). In its Motion, Defendants represent that Pierce

18   Coleman attorneys billed 42.20 hours[2] of time to dismiss Plaintiff's claims (Doc. 22 at 5).

19   Given the fact that Plaintiff's action is frivolous and vexatious, the Court finds the time

20   and labor required to represent Defendant as accounted for in the Itemized Statement are

21   accurate and reasonable. *See* LRCiv 54.2(e)(2) ("The party seeking an award of fees must

22   adequately describe the services rendered so that the reasonableness of the charge can be

23   evaluated."). Moreover, it appears that Defendants did not utilize any theories developed

24   in this Motion for Attorneys' Fees in their previous Motion to Dismiss (Doc. 7) or in the

25   Prior Action.

26   / / /

27

28   ---
[2] Upon the Court's review of the Itemized Statement, it appears that Pierce Coleman attorneys billed 49.2 hours. Nonetheless, the Court finds the hours accounted for in the Itemized Statement is reasonable and accurate.

- 4 -

**2.** **Novelty and Difficulty**

The Court finds that this case did not present any novel or difficult issues.

**3.** **Requisite Skill**

The Court finds it takes a moderate amount of skill to litigate civil rights cases.

**4.** **Preclusion of Other Employment**

Defendants' attorneys explain they were not precluded from other employment. (Doc. 22 at 5).

**5.** **Customary Fee**

Pursuant to the engagement letter signed by Defendants, Defendants agreed to the following billing rates: $250.00 for Partners and Of Counsel, $200.00 for Associates, and $100.00 for Law Clerks and Paralegals. (Doc. 22-2 at 13).  These are the rates that were charged in the Itemized Statement (*Id*. at 6–7). Defendants further represent that "[t]hese rates are at, or below, the market rate for employment law services in the Phoenix metropolitan area and are lower than the firm charges many of its clients."  (Doc. 22 at 5).

**6.** **Fixed or Contingent Fee**

Defendants did not enter into a contingent fee agreement with its attorneys.

**7.** **Time Limitations**

There is no indication that Defendants placed any time limitations on counsel.

**8.** **Amount Involved and Results Obtained**

Plaintiff's sought $550,000.00 in compensatory and punitive damages. The Court ultimately dismissed this action with prejudice because it is barred by claim preclusion (Doc. 20 at 5). In hindsight, additional litigation in this matter could have been avoided if Plaintiff heeded the Court's initial dismissal on the merits as Plaintiff's subsequent claims were frivolous. *See supra* Section III.A.

**9.** **Experience, Reputation, and Ability of the Attorneys**

Defendants' attorneys represent that "Pierce Coleman PLLC attorneys possessed the appropriate degree of skill required to adequately address Plaintiff's legal arguments and factual misrepresentations made to the Court."  (Doc. 22 at 6).

### 10.   The Case's Undesirability

The Court finds this was likely an undesirable case because of its vexatious and frivolous nature.

### 11.   Nature and Length of Relationship with the Client

Nothing in the record discusses the nature and length of the relationship between the Pierce Coleman Firm and Defendants.

### 12.   Awards in similar cases.

In a previous civil rights case, this Court has found that agreed upon attorney billing rates of $350.00/hour and $400.00/hour was reasonable. *Casavelli v. Johanson* 2021 WL 3400608, at*8 (D. Ariz. July 20, 2021). Additionally, it found that billing rates for clerks and paralegal ranging from $90.00/hour to $250.00/hour based on experience was reasonable. *Id.* Here, the respective rates agreed upon by Defendants and the Pierce Coleman Firm are lower. *See supra* Section III.B(5). Accordingly, the Court concludes the hourly rates charged by the Pierce Coleman Firm to the moving Defendants are reasonable.

## IV.   Conclusion

Overall, Defendants are eligible and entitled to an award under 42 U.S.C. § 1988 The Court finds the 56.30 hours of time spent on this matter is reasonable and the Pierce Coleman Firm applied reasonable billing rates. The Court will therefore award Defendants attorneys' fees of $11,410.00

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. 22) is **GRANTED** under 42 U.S.C. § 1988. The Court approves an attorneys' fees award in the amount of $11,410.00, for which Plaintiff is liable.

Dated this 18th day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge